THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANIEL S. TOY, Respondent, *v.* ALEXANDER U. MAYER, as a Commissioner of the Superior Court of Baltimore City, Maryland.

*Writ of prohibition — issuance of peremptory writ, without a prior alternative writ.*

When a hearing upon the merits has been had upon the return of an order to show cause why a writ of prohibition should not issue to prevent a commissioner appointed by a court of another State from oppressively and illegally committing the relator to prison for refusing to answer interrogatories calling for the disclosure of a privileged communication, and it appears that only a question of law is involved, it is proper to issue a peremptory writ instead of an alternative writ.

APPEAL by the defendant, Alexander U. Mayer, as a commissioner appointed by the Superior Court of Baltimore city, Maryland, from an order made by a justice of the Supreme Court at Special Term, and entered in the office of the clerk of Westchester county on the 11th day of February, 1893, granting the relator's motion for a writ of prohibition, and also from an order made by the same justice at Special Term, and entered in the same clerk's office on the 25th day of February, 1893, denying the defendant's motion to vacate the absolute writ of prohibition issued against him on the 11th day of February, 1893.

The proceeding was instituted by an order to show cause, on the return of which the following writ was issued, under the seal of the court, in which the facts presented are set forth :

"*In the name of the People of the State of New York.*

" To Alexander U. Mayer, Esq., a commissioner appointed by the Superior Court of the city of Baltimore :

" *Whereas*, It doth appear to our Supreme Court of the State of New York that you, as commissioner appointed by the Superior Court of the city of Baltimore, are about to issue a process for contempt against one of the citizens of our said State of New York, by name Daniel S. Toy, for refusal to answer certain interrogatories proposed by you, as such commissioner, to the said Daniel S. Toy ; and whereas, it further appears that said Daniel S. Toy is a minister of the gospel and clergyman of the Baptist church ; and whereas, it further appears to our Supreme Court of the State of New York that the declarations, if any, were made in the nature of a confession to the said Daniel S. Toy, as such minister of the gospel, under a course of discipline prescribed by the Baptist church, to which religious body the said Rev. Daniel S. Toy belongs,

" Now, therefore, we command you, Alexander U. Mayer, as such commissioner, appointed by the Superior Court of the city of Baltimore, that you do refrain from issuing any commitment for contempt or from doing any act to compel the said Daniel S. Toy to answer such interrogatory, or, in any way, interfere with the liberty of said Daniel S. Toy.

" In witness whereof we have hereunto affixed the seal of our Supreme Court this 11th day of February, 1893.

"[L. s.]                    J. O. DYKMAN, *J. S. C.*"

*Alexander U. Mayer*, appellant, in person.

*David H. Hunt*, for the respondent.

Pratt, J.:

There is no merit in this appeal. The only point made is that a peremptory writ of prohibition was issued instead of an alternative writ. No point is made that this was not a proper case for such writ or that the facts did not warrant it, but only that an alternative writ should have been issued.

A hearing upon the merits was had upon an order to show cause which in effect fully answered the purpose of an alternative writ.

The object of the proceeding was to prevent the defendant from

oppressively and illegally committing the relator to prison; and the fact that it was called a writ of prohibition is not material so long as the decision was right upon the merits and a proper result was accomplished.

No object could have been served by issuing an alternative writ, as it appeared that only a question of law was involved, and a short cut was adopted to accomplish a just result.

The order must be affirmed, with costs and disbursements.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.